## ROWLAND *v.* CITY COUNCIL OF AUGUSTA.

GILBERT, J. A. K. Rowland filed an equitable petition to enjoin the City Council of Augusta from proceeding further with the levy of its execution to collect an assessment for paving on one of the streets opposite his abutting property. The petition admits an indebtedness for a portion of the assessment, but alleges that the amount is in excess of the legal requirement under the act of the General Assembly approved August 19, 1916 (Acts 1916, p. 549). The decision of the sole issue depends upon the proper construction of the word " tracks " of the railroad company, as used in the act, in the following provision thereof: " A railroad company now having, or which may hereafter have, tracks running through or across streets or public alleys of said city so improved, shall be required to pay to the City Council of Augusta the cost of macadamizing or otherwise paving . . the width of its tracks, and three feet on each side of every line of its track, on such street or public alley so improved; and such amount as may be due by such railroad or railroads, as herein provided, shall be first deducted from the total cost as to the street or block or portion of street macadamized or paved, occupied by such railroad or railroads, and the remainder of such cost shall be borne by the abutting-property owners and the City of Augusta in the proportions heretofore provided for." The assessment sought to be enforced against petitioner is for paving one third of the street opposite the property not included within the iron rails of the railroad and three feet on the outside of the iron rails. The petitioner claims that the

tracks of the railroad extend to the ends of the cross-ties, and that the paving assessed against the railroad should extend to a line three feet outward from the ends of the cross ties. *Held:*

1. While the word "tracks," as applied to railroads, has been variously defined, according to the issues involved and the manner in which the word was employed in the present act the word "tracks" means the space included between the outside edges of the iron rails of each line. A line of railroad-track usually consists of two iron rails. The fact that the General Assembly provided that the railroad company should be responsible for the paving of three feet on each side of every line of its track clearly indicates its purpose not to leave to conjecture the amount of paving to be required of the railroad, nor dependent upon the length of the cross-ties, but to specifically require sufficient space on the outside of the rails to more than include the length of the cross-ties.

2. The court having construed the above-mentioned act in accord with the above ruling, it was not error to refuse to enjoin the city from proceeding with the levy and collection of the execution.

*Judgment affirmed. All the Justices concur.*

No. 3085. JULY 11, 1922.

Equitable petition. Before Judge Hammond. Richmond superior court. January 16, 1922.

*William H. Fleming,* for plaintiff.

*Archibald Blackshear,* for defendant.